**FILED**
*LAL*
MAR 2 2 2006

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

IN THE
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

JOSE HERMOSILLO,
Plaintiffs,

v.

J. FINNIGAN, Star #5167, T. SHERRY,
Star #5588, OTHER UNKNOWN POLICE
OFFICERS, and THE CITY OF CHICAGO
Defendants.

**06CV1586**
**JUDGE GUZMAN**
**MAG. KEYS**

) No.
)
) Jury Demand
)
)
)

## COMPLAINT

### COUNT I - ILLEGAL SEARCH

### JURISDICTION AND VENUE

1. This Court has jurisdiction based on 28 U.S.C. §§1331 and 1343(a) because the case raises federal constitutional issues.

2. The Court has supplementary jurisdiction over substantially related state claims based on 28 U.S.C. 1367(a).

3. This is an appropriate venue because all of the alleged acts occurred within the Northern District of Illinois and all of the parties reside within the Northern District of Illinois.

4. This action is brought pursuant to 42 U.S.C. §1983 for violations of Plaintiff's constitutional rights under the Fourth Amendment as incorporated and applied to state

governments through the Fourteenth Amendment to the United States Constitution.

## PARTIES

5. Plaintiff is a citizen of the United States and a resident of Chicago, Illinois.

6. Defendants, J. Finnigan, T. Sherry, and other unknown Chicago police officers, were on duty and acting under color of state law at all times relevant to this Complaint.

7. The City of Chicago is a municipality organized under the laws of the State of Illinois and it is the employer of J. Finnigan, T. Sherry and other unknown Chicago police officers.

## THE FOURTH AMENDMENT VIOLATION

8. On July 27, 2004, Plaintiff was in his residence at 2217 N. Harlem, Chicago, IL.

9. The building at 2217 N. Harlem had multiple residences.

10. The Defendants did not have a search warrant for any unit at 2217 N. Harlem, Chicago, IL on July 27, 2004.

11. The Defendants did not have an arrest warrant for Jose Hermosillo on July 27, 2004.

12. The Defendants did not witness the Plaintiff breaking any city, county, state, and/or federal law at 2217 N. Harlem, Chicago, IL on July 27, 2004.

13. The Defendants did not have consent to enter and search the residence of the Plaintiff on July 27, 2004.

14. On July 27, 2004, the Defendants forced entry into the Plaintiff's apartment at 2217 N. Harlem, Chicago, IL.

15. Upon entry, the Defendants displayed their handguns, though no one in the apartment verbally or physically threatened the defendants.

16. Upon entry, the Defendants proceeded to verbally threaten and curse at the Plaintiff, and dangerously displayed their weapons..

17. The Defendant officers detained the Plaintiff in violation of Plaintiffs' rights under the Fourth Amendment.

18. As a direct and proximate result of the unconstitutional detention, the Plaintiff suffered actual harm.

WHEREFORE, Plaintiff prays this Court will award him actual and punitive damages as well as costs and reasonable attorney's fees against the defendants.

## COUNT II - EXCESSIVE FORCE

1-18. Plaintiff realleges paragraphs 1-18 of Count I as paragraphs 1-18 of Count II.

19. The defendants used excessive force during their illegal entry and search of 2217 N. Harlem, Chicago, IL on July 27, 2004.

20. The defendants displayed their guns and threatened the plaintiff with the guns, as well as pushed, shoved, and verbally threatened Plaintiff.

21. The plaintiff, at no time relevant to this case, resisted, obstructed, or disobeyed any of the defendants on July 27, 2004.

22. As a direct and proximate result of Defendants' unconstitutional conduct, in violation of the Fourth Amendment as applied to the States through the Fourteenth Amendment, the Plaintiff suffered actual harm.

WHEREFORE, Plaintiff prays this Court will award him actual and punitive damages as

well as costs and reasonable attorney's fees against the defendants.

## COUNT III - FALSE ARREST

1. The defendants placed the Plaintiff under arrest on July 27, 2004, and charged him with possession of narcotics.

2. At no time relevant to this case did the Plaintiff possess, on his person or in his residence, any narcotics.

3. The defendant wrote false and misleading police reports alleging that the Plaintiff possessed, on his person and/or in his residence, narcotics.

4. Ultimately the charges against the Plaintiff were dismissed (Case No. 04 CR 20255).

5. As a direct and proximate result of the unconstitutional conduct of the Defendant officers, Plaintiff suffered actual harm.

Wherefore, Plaintiff prays this Honorable Court award him actual and punitive damages as well as costs and reasonable attorneys fees against the defendants.

## COUNT IV - STATE MALICIOUS PROSECUTION

1-5. Plaintiff re-alleges paragraphs 1-5 of Count III as paragraphs 1-7 of Count IV.

6. Defendant officers and other unknown Chicago police officers wrote false and misleading police reports regarding the arrest of plaintiff.

7. Defendants knew their false police reports would be relied on by superior officers and Assistant State's Attorneys to determine charges against the plaintiff.

8. Based on the defendants' false reports, plaintiff was charged under case number 04 CR 20255.

9. In January 17, 2006, case number 04 CR 20255 was dismissed on the motion of the

4

Cook County State's Attorney's Office.

10. Those charges were dismissed because the prosecutor knew that the State could not meet its burden of proof.

11. Plaintiff is innocent of the charged offense.

WHEREFORE, Plaintiff prays this Court will award him actual and punitive damages as well as costs and reasonable attorney's fees against the defendants for his false arrest.

## COUNT V - STATUTORY INDEMNIFICATION

1-22. Plaintiff re-alleges paragraphs 1-22 of Counts II, III, and IV as paragraphs 1-22 of Count V.

23. At all relevant times 745 ILCS 10/9-102 was in full force and effect.

24. The defendant officers were acting under color of state law and as employees of the City of Chicago.

WHEREFORE, Plaintiff prays the Court will award him actual damages and costs against the City of Chicago.

Respectfully Submitted,

_____
THOMAS PETERS
KEVIN PETERS
Attorneys for Plaintiff
407 S. Dearborn, Suite 1675
Chicago, Illinois 60605
312-697-0022

5